UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO.  18-12157-reg |
| | ) | CHAPTER  7 |
| HOLLY MARIE VAN HOOK | ) | |
| | ) | |
| Debtor. | ) | Adversary Proceeding No. 19-01025-reg |
| | ) | |
| YVETTE GAFF KLEVEN, TRUSTEE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KITCH ACCEPTANCE CORP. | ) | |
| | ) | |
| Defendant | ) | |

## ANSWER TO COMPLAINT TO RECOVER PREFERENCE

Defendant, Kitch Acceptance Corporation ("Kitch Acceptance"), files its Answer to the Trustee's Complaint to Recover Preference (the "Complaint") as follows:

1. This is an adversary proceeding to recover a preference pursuant to 11 U.S.C. § 547.

RESPONSE: Kitch Acceptance admits the Trustee filed an adversary proceeding to recover an alleged preference but denies all other allegations contained in paragraph no. 1 of the Complaint.

2. This Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. § 1335 and 28 U.S.C. § 157.

RESPONSE: Kitch Acceptance admits the allegations contained in paragraph no. 2 of the Complaint.

1

3. Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7008.

RESPONSE: Kitch Acceptance consents to entry of final orders or judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7012.

4. Venue over this adversary proceeding is properly in this District and this Division pursuant to 28 U.S.C. § 1409.

RESPONSE: Kitch Acceptance admits the allegations contained in paragraph no. 4 of the Complaint.

5. This matter is properly before this Court as an adversary proceeding pursuant to Bankruptcy Rule 7001.

RESPONSE: Kitch Acceptance admits the allegations contained in paragraph no. 5 of the Complaint.

6. This adversary proceeding relates to the main case of *Holly Marie VanHook*, Bankruptcy Case No. 18-12157 (Chapter 7) in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division.

RESPONSE: Kitch Acceptance admits the allegations contained in paragraph no. 6 of the Complaint.

## II.

## PARTIES

7. Plaintiff, Yvette Gaff Kleven, is the duly appointed Chapter 7 Trustee in the case of *Matter of Holly Marie VanHook*, Bankruptcy Case No. 18-12157 (Chapter 7) in the United states Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division.

RESPONSE: Kitch Acceptance admits the allegations contained in paragraph no. 7 of the Complaint.

8. Kitch Acceptance Corporation is a creditor who received a preferential payment. Its primary address is 130 W. Main Street, Ste. 100, Fort Wayne, IN 46802.

RESPONSE: Kitch Acceptance admits only that its primary place of business is located at 130 W. Main St., Ste. 100, Fort Wayne, IN 46802 but denies the remaining allegations contained in paragraph no. 8 of the Complaint.

### III.

### CAUSES OF ACTION

9. On November 7, 2018, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

RESPONSE: Kitch Acceptance admits the allegations contained in paragraph no. 9 of the Complaint.

10. Yvette Gaff Kleven was appointed as Trustee on November 7, 2018.

RESPONSE: Kitch Acceptance admits the allegations contained in paragraph no. 10 of the Complaint.

11. Upon information and belief, Defendant received $2,836.03 in the ninety (90) days prior to filing of the bankruptcy petition. These payments were made pursuant to a garnishment order entered in an underlying State court case in *Kitch Acceptance Corporation vs. Holly M. VanHook*, Case No. 02D09-1710-CC-002402.

RESPONSE: Kitch Acceptance admits it received payments pursuant to a garnishment order issued on July 17, 2018 (113 days prior to the petition date) by the Allen Superior Court in *Kitch Acceptance Corporation vs. Holly M. VanHook*, Cause No. 02D09-1710-CC-002402 but

denies all other allegations contained in paragraph 11 of the Complaint. A true and accurate copy of the garnishment order is attached hereto as <u>Exhibit A</u>.

12. At the time of the payment, the Debtor was insolvent.

RESPONSE: Kitch Acceptance does not possess any information upon which to form a belief regarding the allegations contained in paragraph 12 of the Complaint and therefore denies them.

13. The payments enabled Defendant to receive more than the creditor would receive in a Chapter 7 case, if the transfers had not been made, and the creditor received payment of the debt to the extent provided by the provisions of Title 11.

RESPONSE: Kitch Acceptance denies the allegations contained in paragraph 13 of the Complaint.

14. The payments to Defendant constitute a preference which is recoverable by the estate pursuant to 11 U.S.C. § 550.

RESPONSE: Kitch Acceptance denies the allegations contained in paragraph 14 of the Complaint. Additionally, Kitch Acceptance asserts the Trustee's allegations in paragraph 14 of its Complaint are directly contrary to settled precedent as set forth in *In re Coppie*, 728 F.2d 951 (7th Cir. 1984).

    Respectfully submitted,

    KITCH ACCEPTANCE CORP.

    /s/ *Adam L. Hand*
    Adam L. Hand, #25620-02
    ahand@kitchacceptance.com
    130 W. Main St., Suite 100
    Fort Wayne, IN 46802

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 8th day of April 2019, a true copy of the foregoing was served via the Bankruptcy Court's ECF System to the following parties in interest:

Douglas R. Adelsperger, dra@adelspergerkleven.com
United States Trustee, USTPRegion10.SO.ECF@usdoj.gov


/s/   *Adam L. Hand*
Adam L. Hand