# EXHIBIT A

STATE OF INDIANA           )     IN THE ALLEN SUPERIOR COURT
                                    ) SS:

COUNTY OF ALLEN          )     CAUSE NO. 02D09-1710-CC-002402

KITCH ACCEPTANCE CORPORATION
     Plaintiff

     vs.                                **GARNISHMENT ORDER**

HOLLY M. VANHOOK
aka Holly M. Chivington
SS# ***-**-8588

     Defendant

Carlex
860 W US Hwy 6
Ligonier IN 46767

     Garnishee Defendant

A partial social security number has been provided in compliance with Trial Rule 5(G). If the entire social security number is needed, please contact Plaintiff's attorney at (260) 424-4116.

Plaintiff appears and makes proof of service of notice of hearing upon Defendant and upon Garnishee Defendant.

1.  The Court therefore orders Garnishee Defendant(s) to deduct from the Defendant's earnings in accordance with the deduction calculations on the reverse side of this order until the following amounts are fully paid:

         (a)  Judgment Balance   $      9,536.12

         (b)  Interest              $         4.18

         (c)  Costs                $         0.00

     Total Amount Owing          $     9,540.30         **together with interest on the total amount owing at the rate of 8% per annum from the date of this Order.**

2.  THE GARNISHEE DEFENDANT IS ORDERED TO PAY TO THE CLERK OF THIS COURT THE WITHHELD AMOUNTS EVERY 30 DAYS.

3.  The Clerk of this Court shall have a copy of this order served on the Garnishee Defendant.

Dated: **July 17, 2018**           _____
                                   JUDGE, ALLEN SUPERIOR COURT

Please contact Plaintiff's Attorneys' Office for balance information at:     ED
ROTHBERG LOGAN & WARSCO LLP
P.O. Box 11194
Fort Wayne, IN 46856-1194
Phone: (260) 424-4116

                      **SERVICE OF PROCESS**

I certify that a copy of this Order was mailed certified mail, return receipt requested, to the Garnishee Defendant this date.

Dated: _____         _____
                                 Clerk

NOTICE: I.C.34-25-3-3 provides that the Garnishee Defendant is accountable to the Plaintiff for monies in the Garnishee Defendant's hands and/or payable to the Defendant from the Date of these interrogatories.

DEDUCTION CALCULATIONS
I.C. 24-4.5-5-105 PROVIDES THAT: LIMITATION ON GARNISHMENT PROCEEDINGS SUPPLEMENTAL TO EXECUTION * FEE TO COMPENSATE EMPLOYER FOR MAKING DEDUCTIONS.

    (1)  For the purpose of I.C. 24-4.5-5-101 through 24-4.5-5-108:
        (A)  "Disposable earnings" means that part of the earnings of an individual, including wages, commissions, income, rents or profits remaining after the deduction from those earnings of amounts required by law to be withheld;
        (B)  "Garnishment" means any legal or equitable proceedings through which the earnings of an individual are required to be withheld by a garnishee, by the individual debtor, or by another person for the payment of a judgment; and
        (C)  "Withholding" means that part of the earnings that are withheld from an individual for child support in accordance with the laws of this state.

The maximum part of the aggregate disposable earnings of an individual for any workweek, which is subjected to Garnishment to enforce the payment of one (1) or more judgments against him/her may not exceed:
        (a)  Twenty-five percent (25%) of his/her disposable earnings for that week; OR
        (b)  The amount by which his/her disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage prescribed by 29 U.S.C. 206 (a)(1) in effect at the time the earnings are payable; whichever is less. In the case of earnings for a pay period other than a week, the earnings shall be computed upon a multiple of the federal minimum hourly wage as prescribed in this section.

The maximum part of the aggregate disposable earnings of an individual for any workweek, which is subject to Garnishment or withholding to enforce any order for the support of any personal shall not exceed:
        (a)  Where such an individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), fifty percent (50%) of such individual's disposable earnings for that week; and
        (b)  Where such individual is not supporting such a spouse or dependent child described in clause (a), sixty percent (60%) of such individual's disposable earnings for that week; except that, with respect to the disposable earnings of any individual for any workweek, the fifty percent (50%) specified in subdivision (a) shall be deemed to be fifty-five percent (55%) and the sixty percent (60%) specified in subdivision (b) shall be deemed to be sixty-five percent (65%), if and to the extent that such earnings are subject to garnishment or withholding to enforce a support order with respect to a period which is prior to the twelve (12) week period which ends with the beginning of such workweek.

OPTIONAL EMPLOYEE'S FEE
I.C. 24-4.5-5-105 FURTHER PROVIDES THAT:
       An employer who is required to make deductions from an individual's disposable earnings pursuant to a garnishment order or series of orders arising out the same judgment debt (excluding a judgment for payment of child support) may collect, as a fee to compensate the employer for making these deductions, an amount equal to the greater or twelve dollars ($12) or three percent (3%) of the total amount required to be deducted by the garnishment order or series of orders arising out of the same judgment debt. If the employer chooses to impose a fee, the fee shall be allocated as follows:
        (a)  One-half (1/2) of the fee shall be borne by the debtor, and that amount may be deducted by the employer directly from the employee's disposable earnings.
        (b)  One-half (1/2) of the fee shall be borne by the creditor, and that amount may be retained by the employer from the amount otherwise due the creditor.
       The deductions made under this subsection for a collection fee do not increase the amount of the judgment debtor for which the fee is collected for the purpose of calculating or collecting judgment interest. This fee may be collected by an employer only once for each garnishment order or series of orders arising out of the same judgment debt. The employer may collect the entire fee from one (1) or more of the initial deductions from the employee's disposable earnings. Alternatively, the employer may collect the fee ratably over the number of pay periods during which deductions from the employee's disposable earnings are required.
       A [child] support withholding order takes priority over a garnishment order irrespective of their dates of entry or activation. If a person is subject to a [child] support withholding order and a garnishment order, the garnishment order shall be honored only to the extent that disposable earnings withheld under the [child] support withholding order do not exceed the maximum amount subject to garnishment as computed under subsection (2).

# PAYMENT GUIDELINES
## FOR THE GARNISHEE DEFENDANT

In order for funds to be applied by the Clerk's Office, the following information must be included with every payment submitted:

1) Individual's full name.

2) Court's full case number (located at the upper right corner of the garnishment order, beginning with 02D01, etc.).

3) Judgment number (located below the court's case number, for example JG 001).

4) When a group of names are submitted (rather than one check per person), the above three items should be listed for each person, in addition to the amount of money to be applied to each case.

5) Please remit your payment and the above information to:

**Clerk of Allen & Superior Courts
715 S Calhoun St
Financial Division, Courthouse Room 200B
Fort Wayne, IN 46802**

This information is vital to the timely and accurate processing of payments received. Your cooperation is greatly appreciated. If you have any questions regarding the guidelines described above, you may contact the Clerk's Office at (260) 449-7130.